**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| TRUSTEES OF THE NATIONAL ELEVATOR : | |
| INDUSTRY PENSION, HEALTH BENEFIT, : | |
| EDUCATIONAL, ELEVATOR INDUSTRY : | |
| WORK PRESERVATION FUNDS, ELEVATOR : | |
| CONSTRUCTORS ANNUITY AND : | |
| 401(K) RETIREMENT PLAN : | |
| 19 Campus Boulevard, Suite 200 : | |
| Newtown Square, PA 19073-3228, : | |
| Plaintiffs, : | |
| : | |
| v. : | CIVIL ACTION NO. |
| ALL CITY ELEVATOR, INC. : | |
| 29657 E. 2900 N. Rd. : | |
| Dwight, IL 60420, : | |
| and : | |
| JASON DAMRON : | |
| 840 E. Stone Street : | |
| Farmington, IL 61531, : | |
| Defendants. : | |

**COMPLAINT**

**Jurisdiction**

1.      This Court has jurisdiction of this action under Sections 404, 409, 502 and 515 of

the Employee Retirement Income Security Act of 1974 (as amended) ("ERISA"), 29 U.S.C.

§§1104,1109, 1132 and 1145, and under Section 301(a) of the Labor-Management Relations Act

("LMRA"), 29 U.S.C. §185(a).  This is an action to enforce an employer's contractual obligation to

submit benefit payments pursuant to a Collective Bargaining Agreement, to collect reported and

unpaid contributions, to collect estimated contributions, to enjoin the violations of the terms of the

employee benefit plans and to collect the outstanding contributions from an officer individually.

**Parties**

2.      The Plaintiffs are the Boards of Trustees of the National Elevator Industry

Pension, Health Benefit, Educational, Elevator Industry Work Preservation Funds, Elevator

Constructors Annuity and 401(k) Retirement Plan Funds ("NEI Trust Funds").  The NEI Trust

Funds are multi-employer employee benefit plans as that term is defined in Sections 3(3) and 3(37) of ERISA, 29 U.S.C. §1002(3) and (37).  The NEI Trust Funds are established and maintained according to the provisions of Agreements and Declarations of Trust and are provided for in the Collective Bargaining Agreement between the International Union of Elevator Constructors and the Defendant.  The NEI Trust Funds are administered by the Trustees of the National Elevator Industry Pension, Health Benefit, Educational, Elevator Industry Work Preservation, Elevator Constructors Annuity and 401(k) Retirement Plan Funds, 19 Campus Boulevard, Suite 200, Newtown Square, Pennsylvania 19073-3228.

3.    Upon information and belief, Defendant, All City Elevator, Inc. ("All City Elevator"), is a corporation existing under the laws of the Illinois with offices located at 840 E. Stone Street, Farmington, IL 61531.  Upon information and belief, All City Elevator may also be located at 29657 E. 2900 N. Road, Dwight, IL 60420.  Upon information and belief, Defendant transacts business in Illinois as a contractor or subcontractor in the elevator industry and at all relevant times herein was an "employer in an industry affecting commerce" as defined in 29 U.S.C. §§142(1), (3) and 152(2).

4.    Upon information and belief, at all times relevant herein, Defendant, Jason Damron ("Damron"), is an officer and/or owner of All City Elevator, with an address of 840 E. Stone Street, Farmington, IL 61531.  Upon information and belief, Jason Damron, at all times relevant herein, exercised control and discretion over the payroll of All City Elevator including any and all decisions regarding the collection and disbursement of any payroll deductions authorized by the employees of All City Elevator.  As such, Jason Damron is a fiduciary to the NEI Trust Funds, as

defined in ERISA §3(21)(A), 29 U.S.C.A. §1002(21)(A).

## COUNT I

5.      All City Elevator executed an Agreement with the International Union of Elevator Constructors on May 20, 2016 establishing the terms and conditions of employment for the elevator constructors, mechanics and helpers employed by All City Elevator.

6.      Pursuant to its Agreement, All City Elevator agreed to pay to the NEI Funds certain sums of money for each hour worked by all employees of Defendant covered by the Agreement.

7.      Paragraph 7 of the 2016 Agreement states: "The Employer hereby adopts and agrees to be bound by the written terms of the National Elevator Industry Health Benefit Plan and Declaration of Trust, the National Elevator Industry Pension Plan and Declaration of Trust, the National Elevator Industry 401(k) Annuity Retirement Plan and Declaration of Trust and the National Elevator Industry Educational Program and Declaration of Trust, and any amendments thereto, specifying the detailed basis on which payments are to be made into, and benefits paid out of, such Trust Funds."

8.      All City Elevator is bound to the Restated Agreements and Declarations of Trust establishing the NEI Trust Funds (hereafter "Trust Agreements") and the Guidelines for Employers and IUEC Local Unions Participating in the National Elevator Industry Health Benefit Plan, Pension Plan, Educational Program, Elevator Constructors Annuity and 401(k) Retirement Plan and Elevator Industry Work Preservation Fund (hereafter "Guidelines").  The Trust documents provide that all employers who become party to the Collective Bargaining Agreement and Declaration of Trust agree to be bound by the decisions of the Trustees on delinquencies.

9.     The NEI Funds Trust Documents provide the reporting requirements for signatory employers.  Article VI, Paragraph 4 of the Restated Agreement and Declaration of Trust of the National Elevator Industry Pension, Health Benefit and Educational Funds provides as follows:

> All contributions shall be made effective as of the 15th day of each month for the preceding month and, shall continue to be paid as long as the Employer is so obligated pursuant to the Standard Agreement or other collective bargaining agreement or participation agreement or until he ceases to be an Employer within the meaning of this Agreement and Declaration of Trust as herein provided.

10.     Upon information and belief, All City Elevator employed certain employees covered by the Agreement during the months of May 2016 through and including the present.

11.     The Agreements and Declarations of Trust establishing the NEI Trust Funds provide that when an Employer fails to pay the amounts required by the Collective Bargaining Agreement on time:

> The Trustees may take all actions necessary to collect any amounts due the Trust Fund.  If the Trustees filed suit to collect any amounts due the Trust Fund, the Trustees shall also seek liquidated damages in the amount of twenty percent (20%) of the contributions due at the time the lawsuit is filed.  In addition to the liquidated damages authorized under the Employee Retirement Income Security Act (ERISA), the Trustees shall also seek all interest, costs and attorney's fees associated with collection of the delinquent contributions.  The Employer agrees that the Trustees may seek any additional contributions, interest, liquidated damages, costs and attorney's fees that come due the Trust Fund between the date the lawsuit is filed, and the date the Judgment is entered by the Court.

12.     All City Elevator reported $5,183.75 in contributions due for the month of January 2017.  A balance exists for this month of $5,183.75.  Additional interest has and will accrue on this outstanding amount.

13.     Pursuant to Article VI, Paragraph 7 of the Amended Trust Agreements, when an

employer fails to file the properly completed report forms, in order to determine the amounts due,

the Funds are authorized to project the delinquency amount using the following formula:

> In the event an Employer is two (2) or more months delinquent in
> remitting to the Fund the required contributions for its Employee(s)
> and has not remitted the required accounting of Employer
> contributions showing the Employee(s) who worked for the
> Employer and the hours worked, the Trustees are hereby empowered
> to project the amount of damages as the amount of the delinquency
> that is the greater of:  (a) the average of the monthly payments or
> reports submitted by the Employer for the last three (3) months for
> which such payments or reports were submitted, or (b) the average of
> the monthly payments or reports submitted by the Employer for the
> last twelve (12) months for which payments or reports were
> submitted.  Such monthly average may be used as a determination of
> payments due for each delinquent month, and may be used for
> purposes of any lawsuit, and no other proof need be furnished by the
> Fund to any court, arbitrator or referee to compute the total payments
> due from the Employer for all delinquent months.  The Trustees shall
> seek interest, liquidated damages, costs and attorneys' fees on any
> estimated amounts.  This provision does not, however, limit the
> Trustees from seeking a greater amount than the projected
> delinquency if a greater amount is shown to be owed by records or
> other evidence.

The projected delinquency for All City Elevator for the unreported months of February to March

2017 is $9,912.06.

14.     All City Elevator's contributions on behalf of its elevator constructors for the period

January to March 2017 are late.

15.     The Agreements and Declarations of Trust establishing the NEI Trust Funds provide

that when an Employer fails to pay the amounts required by the Collective Bargaining Agreement

on time:

> The Trustees may take all actions necessary to collect any amounts due the Trust
> Fund. If the Trustees file suit to collect any amounts due the Trust Fund, the

Trustees shall also seek liquidated damages in the amount of twenty percent (20%) of the contributions due at the time the lawsuit is filed.  In addition to the liquidated damages authorized under the Employee Retirement Income Security Act (ERISA), the Trustees shall also seek all interest, costs and attorney's fees associated with collection of the delinquent contributions.  The Employer agrees that the Trustees may seek any additional contributions, interest, liquidated damages, costs and attorney's fees that come due the Trust Fund between the date the lawsuit is filed, and the date the Judgment is entered by the Court.

16.     The Agreements and Declarations of Trust establishing the NEI Funds provide that an Employer who fails to pay the amounts required by the Collective Bargaining Agreement on time shall be obligated to pay interest at the rate currently charged by the Internal Revenue Service from five days after the date of delinquency to the date of payment and liquidated damages of 20%, as well as all necessary costs of collection incurred by the Funds, including, but not limited, to reasonable attorney's fees, audit fees and court costs.  All City Elevator is bound to the Agreements and Declarations of Trust.

17.     Pursuant to this provision, All City Elevator is obligated to the NEI Trust Funds in the amount of $3,019,16 in liquidated damages assessed on the delinquent contributions for the months of January to March 2017, interest pursuant to 29 U.S.C. Section 1132(g) from the date of delinquency through the date of payment, and attorney's fees and costs.

WHEREFORE, in Count I, the NEI Trust Funds pray judgment as follows:

A.      For $5,183.75 in contributions due for January 2017, plus interest; and

B.      For $9,912.06 in estimated contributions due for February and March 2017; and

C.      For liquidated damages in the amount of $3,019,16; and

D.      For attorney's fees and costs expended in bringing this lawsuit; and

E.      For all subsequent interest due on all late filed contributions submitted by the

Defendant to the Plaintiffs; and

F.    For all contributions and liquidated damages which become due or owing subsequent to the filing of this action, or which have yet to be reported, through the date of judgment, plus costs, interest and reasonable attorneys' fees, pursuant to 29 U.S.C. §1132(g) (2) (C) (ii) of the Trust Agreements and Guidelines.

G.    For such further relief as the Court may deem appropriate.

## COUNT II

18.    The NEI Trust Funds hereby adopt, incorporate and restate in Count II paragraphs 1 through 17 of Count I.

19.    This Court has jurisdiction of this action under sections 502 and 515 of ERISA of 1974, 29 U.S.C. Sections 1132 and 1145.  This is an action to enjoin violations of the terms of an employee benefit plan.

20.    All City Elevator, pursuant to the Trust Agreements, agreed to make timely contributions to the NEI Trust Funds in the amounts and on the dates required by its Collective Bargaining Agreement with the International Union of Elevator Constructors in order to maintain the benefits provided through the Funds.

21.    All City Elevator has repeatedly failed to submit timely reports or contributions to the Fund in violation of the requirements of the aforementioned Agreements and Declarations of Trust.

WHEREFORE, in Count II, the NEI Trust Funds pray judgment as follows:

A.    For a Court Order enjoining violations of the terms of the Plaintiff employee benefit

plans requiring All City Elevator to submit timely contributions and report to the NEI Trust Funds.

B.      For such further relief as the Court may deem appropriate.

## COUNT III

22.      The NEI Trust Funds hereby adopt, incorporate and restate in Count III paragraphs 1 through 21 of Counts I and II.

23.      This Court has jurisdiction of this action under sections 404, 409, 502 and 515 of ERISA of 1974, 29 U.S.C. Sections 1104, 1109, 1132 and 1145.  This is an action to collect delinquent contributions from an individual officer and/or owner, Jason Damron, acting in the capacity of a fiduciary controlling the NEI Plan's plan assets.

24.      Upon information and belief, the Defendant, Jason Damron, determined the total amount of the employer's (All City Elevator, the company for which he is an officer and/or owner) monthly contributions and retained a portion or all of the employer's payment that should have been sent to the Plaintiff's Funds on behalf of his employees. Defendant chose to use the monies due the Plaintiffs' Funds for other purposes.  Thus, Defendant Jason Damron exercised authority and control over benefit plan assets and is thus a fiduciary as defined by ERISA. 29 U.S.C. § 1002(21).

25.      Upon information and belief, as officer and/or owner of All City Elevator, Defendant Jason Damron, voluntarily entered the collective bargaining agreement with the International Union of Elevator Constructors.  As such, Defendant Jason Damron obligated All City Elevator to make deductions from employee paychecks to cover certain payments to the Plaintiffs' Funds and forward the monies to the Plaintiffs' Funds, along with the employer portion of the monies due under the contract and the trust agreements calculated on a per hour basis.  Defendant

Jason Damron failed to have All City Elevator forward the correct contributions to the Plaintiffs for the months of January to March 2017.

26.     All City Elevator signed the collective bargaining agreement with the International Union of Elevator Constructors on May 20, 2016.  (See attached).  Paragraph 7 of this collective bargaining agreement provides the following: "Title to all the monies paid into and/or due and owing to the National Elevator Industry Health Benefit Fund, Pension Fund, Education Fund, National Elevator Industry 401(k) Annuity Retirement Fund and the Elevator Industry Work Preservation Fund, as specified above, shall vest in and remain exclusively in the Trustees of said Funds, respectively."

27.     Upon information and belief, Defendant Jason Damron deducted the amounts owed in contributions from the employee paychecks and forwarded monthly remittance forms calculating the employer's portion of the monies due to the Plaintiffs Funds, yet failed to remit those correct amounts to the Plaintiffs' Funds.  Upon information and belief, those amounts were deposited into All City Elevator's general accounts and used for purposes other than payment of the employees' benefit contributions.

28.     Upon information and belief, Defendant Jason Damron knew that All City Elevator entered into the collective bargaining agreement and that contributions were deducted from the employees' paychecks and that an employer portion of contributions had to be made to the Plaintiffs.  Defendant Jason Damron knew that All City Elevator periodically turned these amounts over to the Plaintiffs' Funds.

29.     The contributions due the Plaintiffs' Funds were plan assets governed by ERISA.

29 C.F.R. §2510.3-102(a).

30.     Upon information and belief, Defendant, Jason Damron, is a fiduciary to the Plaintiffs' Funds based on the fact that he commingled plan assets with All City Elevator's general assets and used those funds to pay other creditors.   Defendant exercised authority or control respecting disposition of plan assets.   Thus, Defendant Jason Damron is a fiduciary under ERISA §3(21)(A) by the fact that he "exercised authority or control respecting disposition of plan assets." 29 U.S.C.A. §1002(21)(A).

31.     Defendant failed to remit contributions to the Plaintiffs on behalf of his employees.

WHEREFORE, in Count III, the NEI Trust Funds pray judgment as follows:

Defendant, Jason Damron, is jointly and severally liable for the following:

A.     For $5,183.75 in contributions due for January 2017, plus interest; and

B.     For $9,912.06 in estimated contributions due for February and March 2017; and

C.     For liquidated damages in the amount of $3,019,16; and

D.     For attorney's fees and costs expended in bringing this lawsuit; and

E.     For all subsequent interest due on all late filed contributions submitted by the Defendant to the Plaintiffs; and

F.     For all contributions and liquidated damages which become due or owing subsequent to the filing of this action, or which have yet to be reported, through the date of judgment, plus costs, interest and reasonable attorneys' fees, pursuant to 29 U.S.C. §1132(g) (2) (C) (ii) of the Trust Agreements and Guidelines.

G.     For such further relief as the Court may deem appropriate.

Respectfully submitted,

DATE: <u>June 19, 2017</u>

**O'DONOGHUE & O'DONOGHUE LLP**
Constitution Place, Suite 515
325 Chestnut Street
Philadelphia, PA  19106
Telephone (215) 629-4970
Facsimile (215) 629-4996
By:     <u>s/ Robert P. Curley</u>
        Robert P. Curley
        Attorney I.D. No. 55760
By:     <u>s/ David D. Capuano</u>
        David D. Capuano
        Attorney I.D. No. 70238
        Attorneys for Plaintiffs

11

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Complaint has been served by certified mail, as required by 502(h) of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1132(h) this 19th day of June 2017 on the following:

Secretary of the Treasury
15th. and Pennsylvania Ave., N.W.
Washington, DC  20220
ATTN: Employee Plans
        Internal Revenue Service

Secretary of Labor
200 Constitution Avenue, N.W.
Washington, DC  20210
ATTN: Assistant Solicitor
        for Plan Benefits Security

s/ David D. Capuano
David D. Capuano